# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **INVITROGEN CORP.,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:08-CV-113 |
| | § | |
| **GENERAL ELECTRIC CO., et al.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants General Electric Company d.b.a. GE Healthcare and GE Healthcare Bio-Scinces Corp.'s (collectively "GE") Motion to Transfer Venue, (Doc. No. 30), Reply in Support, (Doc. No. 37), and Plaintiff Invitrogen Corp.'s ("Invitrogen") Response, (Doc. No. 35).

For the reasons stated below, Defendant's Motion is **DENIED**.

## BACKGROUND

Invitrogen is a Delaware corporation, with its principal place of business in Carlsbad, California and manufacturing and distribution facilities located in Frederick, Maryland. GE Healthcare is a business owned by General Electric Company that markets the products at issue in the present case. GE Healthcare is headquartered in Little Chalfont, England, and the division associated with this matter has its principal U.S. place of business in Piscataway, New Jersey. In this suit, Invitrogen alleges that GE's products infringe U.S. Pat. 5,043,272 (the "'272 patent") related to a process for amplifying nucleic acid present in a sample. GE has filed a motion to transfer venue to the District of Maryland.

Invitrogen filed another complaint against GE alleging infringement of six different patents. *See Invitrogen Corp. v. Gen. Elec. Co.*, (No. 6:08-cv-112) (the "112 case"). GE has also filed a motion to transfer venue in that case, and the parties in these two cases have only submitted one set of briefs. GE's primary justification for requesting transfer in the 112 case is that the District of

Maryland has had an extensive decade long history with the parties, products, and patents involved in that case. As more fully explained in this Court's order in the 112 case, the Court has transferred that case to the District of Maryland.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.,* 144 F.Supp.2d 673, 676 (E.D.Tex.2001); *Mohamed v. Mazda Corp.,* 90 F.Supp.2d 757, 768 (E.D.Tex.2000). The party seeking transfer of venue must show good cause for the transfer. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). The moving party must show that transfer is "clearly more convenient." Otherwise, a plaintiff's choice of venue must be respected. *In re TS Tech USA Corp.*, 551 F.3d at 1320.

When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, *i.e.*, the convenience of the litigants, and the public interests in the fair and efficient administration of justice. *Id.* at 1319. The private interest factors weighed by the court include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all

other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* None of the factors are dispositive on their own. *Id.*

Two recent appellate opinions must be addressed in determining whether transfer is appropriate in this case. *Volkswagen II* involved a products liability claim stemming from an automobile collision in Dallas. 545 F.3d at 307. In that case, the Fifth Circuit granted a writ of mandamus requiring the Eastern District of Texas to transfer the case to the Northern District of Texas. *Id.* at 307. It found that the trial court had erred by giving inordinate weight to the Plaintiff's choice of venue, and by not giving appropriate weight to, among other things, the location of proof, the cost of attendance of willing witnesses, the availability of compulsory process and the localized interest of the fora. *Id.* at 318. Thereafter, the Federal Circuit, relying on *Volkswagen II*, granted a writ of mandamus requiring the Eastern District of Texas to transfer a patent case to the Southern District of Ohio. *In re TS Tech USA Corp.*, 551 F.3d at 1322-23. It found that, in the underlying case *Lear Corp. v. TS Tech USA, Inc.*, No. 2:07-CV-406 slip op. (E.D. Tex. Sept. 10, 2008), the trial court erred by (1) giving too much weight to the plaintiff's choice of forum, (2) failing to recognize the cost of attendance of witnesses, (3) failing to recognize the ease of access to sources of proof, and (4) disregarding Fifth Circuit precedent in analyzing the public interest in having localized interests decided at home. *Id.* These cases will be discussed in more detail below.

**ANALYSIS**

The first question a court must address when ruling on a motion to transfer venue under 28

U.S.C. § 1404 is whether the suit could have been filed originally in the destination venue. There is no dispute that these cases could have been filed in the District of Maryland.

## I. The Private Interest Factors

*The Relative Ease of Access to Sources of Proof*

In order for this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. In this case, the parties state that any evidence in this case will likely be located at Invitrogen's headquarters in California and GE's headquarters in England and New Jersey. However, other than generally referring to documents, they have not identified any specific evidence, physical or otherwise. These general statements fail to show that transfer would make access to sources of proof either more or less convenient for the parties. Because the Court has no basis to conclude that sources of proof could be more easily accessed if the case were transferred to Maryland, this factor is neutral. *See Odom v. Microsoft*, No. 6:08-cv-331, 2009 WL 279968 at *3 (E.D. Tex. Jan. 30, 2009), (while this factor is important and must be considered carefully, it is also important to recognize that electronic information may be accessed conveniently in any number of locations). Even if these statements were sufficient, this factor would be neutral since Maryland would be a more convenient venue for some sources of proof, but less convenient for others.

*The Cost of Attendance for Willing Witnesses*

The Federal Circuit has explained that this factor requires a court to carefully consider the convenience of party fact witnesses. *In re TS Tech USA Corp.*, 551 F.3d at 1320. However, it has not addressed the relative importance of party and nonparty witnesses. *See Odom*, 2009 WL 279968 at *4. In this case, Invitrogen claims that all of its witnesses will be located in California at its

corporate headquarters, and that Texas is a more convenient location for these witnesses. GE claims that its witnesses will be located in its offices in England and New Jersey, and that Maryland is a more convenient location for these witnesses. If this case were transferred, Invitrogen's witnesses would need to travel approximately an additional 1000 miles; if this case is not transferred, GE's witnesses would need to travel approximately and additional 1000 miles. Because neither party has identified any party witnesses of particular significance, and because neither the District of Maryland nor the Eastern District of Texas is more convenient for both parties, this factor is neutral with regard to party witnesses.

In addition to potential party witnesses, GE has identified three key nonparty witnesses in this case; Invitrogen has not identified any nonparty witnesses. The inventor of the patent at issue, James L. Hartley, resides in Frederick, Maryland where he is employed by the National Cancer Institute. In addition, GE asserts that two professors' publications and laboratory work prior to 1989 constitute invalidating prior art to the patent. These professors have been identified as Drs. Bert C. Vogelstein and Andrew P. Feinburg at Johns-Hopkins University in Baltimore, Maryland. The District of Maryland would be a more convenient location for all of these witnesses. Of the three classes of witnesses this Court must consider, Plaintiff's witnesses, Defendant's witnesses, and nonparty witnesses, Maryland would be more convenient for two classes and less convenient for one class. Thus, this factor slightly favors transfer.

*Availability of Compulsory Process*

GE has identified three potential nonparty witnesses in this case, but there is no indication that any of them would be unwilling to testify at trial. Even if this Court could not compel a witness's attendance, neither party is prevented from using the witness's videotaped deposition at

trial. *See Symbol Tech., Inc. v. Metronomic Instruments, Inc.*, 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006). Nonetheless, because these witnesses are located in Maryland, and none are located in Texas, compulsory process will be available for these witnesses only if the case is transferred to the District of Maryland. This factor weighs slightly in favor of transfer.

*All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

Both parties propose arguments under this factor, but they are more appropriately addressed under other factors. This factor is neutral.

## II. The Public Interest Factors

*Judicial Economy*

GE claims that this case should be transferred to the District of Maryland in order to preserve judicial economy. It argues that because both this case and the 112 case involve similar technology, this case should be transferred along with the 112 case. As explained in this Court's Order transferring the 112 case, Maryland has extensive experience with the patents and products at issue in that case. The same cannot be said of this case. The District of Maryland has no experience with the '272 patent or any of the products at issue in this case. At this stage, the Court finds few similarities between the patents at issue in the 112 case and the '272 patent other than the fact that they both relate to the field of DNA technology. The mere fact that both cases involve the same parties and some sort of DNA technology is not sufficient to weigh in favor of transfer. *See J2 Global Commc'ns., Inc. v. Protus IP Solutions, Inc.*, No. 6:08-cv-11, 2008 WL 5378010 at *5 (E.D. Tex. Dec. 23, 2008). In addition, one of the reasons this Court transferred the 112 case is because GE alleged that its defense of patent exhaustion would require an interpretation of a settlement agreement entered in the District of Maryland. The Court found that the Maryland Court was better

suited to interpret that agreement. That concern is wholly absent in this case since the parties have not previously litigated the '272 patent.

*Administrative Difficulties Caused by Court Congestion*

Invitrogen points out that the median time interval from filing to trial of civil cases in this District is 4.5 months less than in the District of Maryland. This Court is not persuaded that this 4.5 month time difference weighs for or against transfer. *See In re TS Tech USA Corp.*, 551 F.3d at 1320; *Odom*, 2009 WL 279968 at *5. Accordingly, this factor is neutral.

*The Local Interest in Having Localized Interests Decided at Home*

In patent cases, when a defendant sells products all over the country, no specific venue has a dominant interest in resolving the issue of patent infringement. *See In re TS Tech*, 551 F.3d at 1321 ("[h]ere, [the accused products] were sold throughout the United states, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"). Thus, in most patent cases, this factor will be neutral. Nonetheless, where a forum has identifiable connections to the events giving rise to the suit, this factor may support litigating the case in that forum. *Volkswagen II*, 545 F.3d at 318.

In this case, GE argues that the District of Maryland has a strong local interest in this case because that Court has experience with the patents at issue in the 112 case, the inventor resides there, and more of GE's products have been sold in Maryland than in the Eastern District of Texas. None of these arguments are persuasive. This Court found that the District of Maryland had a local interest in the outcome of the 112 case because of that Court's extensive experience with the relevant settlement agreement, and the patents and products at issue. The District of Maryland has no connection to the present case. Furthermore, as explained in this Court's opinion in the 112 case, the

location of witnesses, while relevant under the private interest factors, is not relevant for purposes of this factor. GE's argument would tie the "localized interest" in the outcome of this case to individuals rather than a specific locality. *See Network-1 Sec. Solutions, Inc., v. D-Link Corp.*, 433 F. Supp. 2d 795, 802 (E.D. Tex. 2006), *mandamus denied*, 183 Fed. Appx. 967 (Fed. Cir. 2006) ("[t]his [argument] is illogical since the patent venue statute does not limit venue to the districts where the inventors or prosecuting attorneys reside and is contrary to Congressional intent"). Similarly, the mere fact that GE has sold more accused products in Maryland rather than in this District does not create a strong localized interest because GE has sold at least one product here, and offered its products for sale throughout the country. Accordingly, at least with regard to product sales, no specific venue has a dominant interest in resolving the issue of patent infringement. *See In re TS Tech*, 551 F.3d at 1321. This factor is neutral.

*The Familiarity of the Forum with the Law that will Govern the Case*

To the extent that this case is a patent case, both this Court and the District of Maryland are equally capable of applying patent law. *See In re TS Tech*, 551 F.3d at 1321.

*Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

As in most patent cases, this factor is neutral. *J2 Global Commc'ns, Inc.*, 2008 WL 5378010 at *6.

## CONCLUSION

Under the circumstances presented here, only two factors weigh slightly in favor of transfer—the convenience of witnesses, and the potential need for compulsory process with regard to three nonparty witnesses—all other factors are neutral. While some witnesses are in the Northeast, the Court is not persuaded that this overrides the fact that other witnesses are in California and that

8

this forum is more convenient for those witnesses. *See Network-1 Sec. Solutions, Inc.*, 433 F. Supp. 2d at 800(denying transfer where witnesses were not localized in one geographic area); *See Aloft Media LLC v. Adobe Sys. Inc.*, No. 6:07-cv-355, 2008 WL 819956 at *5-7 (Mar. 25, 2008) (same). Unlike the 112 case, this is not a situation where the transferee district has had extensive involvement with the patents and products at issue. Based on this analysis, the Court finds that Defendant has failed to show that transfer to the District of Maryland would be clearly more convenient. *See Volkswagen II,* 545 F.3d at 315.

Accordingly, Defendant's Motion to Transfer is **DENIED**.

**So ORDERED and SIGNED this 9th day of February, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE